UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD R. STEWART,

    Plaintiff,

  v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 13-10436
HON. TERRENCE G. BERG
HON. DAVID R. GRAND

**<u>ORDER REJECTING REPORT AND RECOMMENDATION (Dkt. 17)</u>**

This matter is before the court on Magistrate Judge David R. Grand's February 4, 2014 Report and Recommendation (Dkt. 17), recommending that Defendant's Motion for Summary Judgment (Dkt. 15) be granted, that Plaintiff's Motion for Summary Judgment (Dkt. 14) be denied, and that the findings of the Commissioner be affirmed.

The law provides that either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendation. 28 U.S.C. § 636(b)(1), E.D. Mich. LR 72.1(d). Plaintiff timely filed objections to the Report and Recommendation (Dkt. 18); Defendant filed a response to Plaintiff's objections (Dkt. 19).

The district court must make a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

The Court has carefully reviewed Magistrate Judge Grand's Report and Recommendation, Plaintiff's objections thereto, and Defendant's response. For the reasons set forth below, Plaintiff's objections are SUSTAINED, the Report and Recommendation is REJECTED, and the case is REMANDED to the Commissioner for further proceedings, pursuant to sentence four of 42 U.S.C. §405(g).

## I. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner pursuant to 42 U.S.C. §405(g), the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "An ALJ's failure to follow agency rules and regulations 'denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.'" *Cole v. Astrue,* 661 F.3d 931, 937 (6th Cir. 2011) (quoting *Blakley v. Comm'r of Soc. Sec.,* 581 F.3d 399, 407 (6th Cir. 2009)).

## II. ANALYSIS

Although Plaintiff has raised four objections to Magistrate Judge Grand's Report and Recommendation, the Court need only focus on one: the so-called "treating physician rule." Under this rule, an ALJ must give "controlling weight" to

2

the opinion of a treating medical physician if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). Where an ALJ does not give the treating source's opinion controlling weight, the ALJ must consider a variety of factors in order to determine the appropriate weight to afford to the opinion; these factors include the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, the extent to which the record evidence supports the opinion, whether or not the physician is a specialist, and any other relevant factors tending to support or contradict the opinion. *Id*.

Regardless of the weight ultimately assigned to the treating source's opinion, the ALJ is required to "give good reasons . . . for the weight [given to the] opinion." *Id*.; *see also* SSR 96–2p, 1996 WL 374188, at *5 (stating that good reasons are those "supported by the evidence in the case record, and [] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight").

The Sixth Circuit has repeatedly found that the failure to comply with the treating physician rule is grounds for remand. *See, e.g., Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545 (6th Cir. 2004) (quoting *Halloran v. Barnhart,* 362 F.3d 28, 32–33 (2d Cir. 2004) ("We do not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not

comprehensively set forth the reasons for the weight assigned to a treating physician's opinion.")); *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550-51 (6th Cir. 2010); *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

Here, the ALJ failed to state the degree of weight given to Dr. Gupta's opinion. Although the Report and Recommendation of Magistrate Judge Grand concluded that the ALJ "'met the goal of §1527(c)(2)—the provision of the procedural safeguard of reasons—even though [he] has not complied with the terms of the regulation,'" (Dkt. 17 at 27) (quoting *Friend v. Comm'r*, 375 F. App'x at 551), this Court disagrees. Even if the ALJ had stated the degree of weight given to Dr. Gupta's opinion, the ALJ's treatment of Dr. Gupta's opinion would still be insufficient. Under the social security rules, even when a treating source opinion is not afforded controlling weight, it is "still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight." SSR 96–2p, 1996 WL 374188, at *4.

Moreover, it is a close question as to whether the ALJ provided "good reasons" for not affording Dr. Gupta's opinion controlling weight in the first place. In evaluating the opinion, the ALJ stated the following:

> Dr. Gupta provides no range of motion testing, nor does he report basing his opinion on any testing other than the radiofrequency thermo coagulation treatment identified above (Exhibit IIF/6). The claimant does not have a significant longitudinal history or treatment with Dr. Gupta. A longitudinal medical record showing regular contact with a treating source can be extremely valuable in the adjudicator's

4

> evaluation. (SSR 96-7p). While the doctor does have a treating relationship with the claimant, the treatment history is quite brief.
>
> * * *
>
> The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to accept, uncritically as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. Although the doctor stated that the claimant is 'disabled,' it is not clear that the doctor was familiar with the definition of 'disability' contained in the Social Security Act and regulations. Specifically, it is possible that the doctor was referring solely to an inability to perform the claimant's past work, which is consistent with the conclusions reached in this decision.
>
> The possibility always exists that a doctor may express an opinion in an effort to assist a patient with whom he or she sympathizes for one reason or another. Another reality that should be mentioned is that patients can be quite insistent and demanding in seeking supportive notes or reports from their physicians, who might provide such a note in order to satisfy their patient's requests and avoid unnecessary doctor/patient tension. While it is difficult to confirm the presence of such motives, they are more likely in situations where the opinion in question departs substantially from the rest of the evidence of record, as in the current case.

(Dkt. 9, Tr. at 26). The ALJ's statement that Dr. Gupta did not "report basing his opinion on any testing other than the radiofrequency thermo coagulation treatment," implies that Dr. Gupta did not consider *any* objective tests in reaching his conclusions that Plaintiff's pain was frequently "severe enough to interfere with the attention and concentration needed to perform even simple work tasks," and that Plaintiff should never be required to twist, bend, crouch/squat, or climb ladders (Dkt. 9, Tr. at 527). However, it is unclear from the record why the ALJ made such a presumption. Dr. Gupta's Medical Questionnaire (Dkt. 9, Tr. at 522-23) and Physical Residual Functional Capacity ("RFC") Assessment (Dkt. 9, Tr. at 525-27)

5

do not state what evidence was considered—it is entirely possible that Dr. Gupta reviewed the results from *all* of Plaintiff's tests (including various MRIs, x-rays, and CTs) prior to forming an opinion as to Plaintiff's RFC. It is also possible that Dr. Gupta's opinion took into account the effects of Plaintiff's obesity—a level of obesity that the ALJ identified as a severe impairment, but never again discussed.[1] Ultimately, it is impossible for this Court to discern the full medical rationale behind Dr. Gupta's opinion regarding Plaintiff's RFC; however, part of the reason why the opinion of a treating physician is worthy of deference is the reality that most courts—this Court included—are not trained in the art of medicine.

The ALJ appears to question Dr. Gupta's judgment and objectivity for no apparent reason other than the ALJ's own doubts as to Plaintiff's credibility. Without more, these are not "good reasons" for rejecting the opinion of a treating physician. The ALJ's treatment of Dr. Gupta's opinion in this case is insufficient and the case must be REMANDED for further consideration.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's objections are **SUSTAINED** and Magistrate Judge Grand's Report and Recommendation of February 2, 2014 (Dkt. 17) is **REJECTED**.

---

[1] While it is true that there is "no particular procedural mode of analysis for obese disability claimants," *Bledsoe v. Barnhart*, 165 F. App'x 408, 412 (6th Cir. 2006), Social Security Rule 02-1p states that obesity may "affect ability to do postural functions, such as climbing, balance, stooping, and crouching," and that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone." SSR 02–1p, 2000 WL 628049, at *6. In this case, the ALJ found Plaintiff's obesity to be significant enough so as to constitute a severe impairment, but yet failed to discuss its potential impact on Plaintiff's RFC.

Accordingly, Defendant's Motion for Summary Judgment (Dkt. 15) is **DENIED**, Plaintiff's Motion for Summary Judgment (Dkt. 14) is **GRANTED**, and the case is **REMANDED**, pursuant to sentence four of 42 U.S.C. §405(g), for further consideration of the opinion of Plaintiff's treating physician, Dr. Badri Gupta.

**SO ORDERED**.

Dated: March 31, 2014                        s/Terrence G. Berg
                                             TERRENCE G. BERG
                                             UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 31, 2014, using the CM/ECF system, which will send notification to all parties.

                                             s/A. Chubb
                                             Case Manager